PEOPLE v JOE JONES

1. CRIMINAL LAW—PLEA OF GUILTY—MURDER—ELEMENT OF MALICE—
   JURY INFERENCES—FACTS.

   A trial court is not required to specifically establish the element
   of malice when a defendant charged with first-degree murder is
   pleading guilty to second-degree murder as long as a jury could
   have properly inferred malice from the facts presented.

2. CRIMINAL LAW—PLEA OF GUILTY—ACKNOWLEDGMENTS—RECORD—
   SPECIFIC QUESTIONS—AWARENESS AND APPROVAL.

   A plea agreement whereby a defendant charged with first-degree
   murder was allowed to plead guilty to second-degree murder
   was affirmatively acknowledged on the record as required by
   court rule where there was a clear acknowledgment by the
   prosecutor and the defendant's lawyer of the agreement and
   the defendant himself in response to specific questions indi-
   cated his awareness and approval of the agreement (GCR 1963,
   785.7[2]).

Appeal from Recorder's Court of Detroit, Charles
Laster, J. Submitted April 14, 1976, at Detroit.
(Docket No. 24589.) Decided May 18, 1976.

Joe L. Jones was convicted, on his plea of guilty,
of second-degree murder. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 496.
    40 Am Jur 2d, Homicide §§ 468, 472.
[2] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

*Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*McCallum & Ziolkowski,* for defendant.

Before: D. E. HOLBROOK, P. J., and BRONSON and D. C. RILEY, JJ.

D. E. HOLBROOK, P. J. Defendant was charged with first-degree murder, MCLA 750.316; MSA 28.548, and thereafter pled guilty on April 2, 1975, to the lesser included offense of second-degree murder, MCLA 750.317; MSA 28.549. Defendant was sentenced on April 29, 1975, to a term of from 20 to 30 years in prison. He appeals as of right and raises two issues for consideration by this Court.

The factual basis which brought forth the charge of first-degree murder, which was disclosed at the arraignment where defendant pled guilty to second-degree murder, is as follows:

*"The Court:* Tell the court what happened on the 19th of December, 1974 at 7903 South Street in the City of Detroit?

*"A. (By Defendant Jones):* We had been there drinking pretty heavy and we got in a fight. I threw it on her and struck a match to her.

*"The Court:* What did you throw on her?

*"A.* * * * Paint thinner.

*"The Court:* And you took a match and lit—

*"A.* * * * Lit the match.

*"The Court:* The paint thinner on her person which caused her death?

*"A.* * * * Yes."

In defendant's first issue he claims the trial court failed to elicit from the defendant enough facts to establish the necessary elements of second-

degree murder, since the necessary element of malice aforethought was not established.

In *Guilty Plea Cases,* 395 Mich 96, 130–131; 235 NW2d 132, 145–146 (1975), our Supreme Court specifically held that the trial court is not required to establish the element of malice when a defendant charged with first-degree murder is pleading guilty to second-degree murder. The only test the Supreme Court required therein was that a jury could have properly inferred the subject element from the facts presented. In *Guilty Plea Cases, supra,* 130–131; 235 NW2d 145–146, the Court stated:

"In *Robinson,* the defendant was charged with first-degree murder and pled guilty to second-degree murder. He admitted that in anger he set fire to a building which caused the death of two persons. The court did not ask him if he intended to kill anyone when he set the fire. It is asserted that the record does not show the elements of malice and intent to kill. However, it is not necessary for a defendant pleading guilty to second-degree murder to admit that he acted with malice or intended to kill. A jury could properly infer intent to kill, even where the defendant disclaims such intent, from evidence that he intentionally set in motion a force likely to cause death or grievous bodily harm— here setting fire to a building."

In the instant case the factual basis elicited by the judge from the defendant was more than adequate to meet the test set forth by the Supreme Court.

The defendant herein obviously set in motion a force not only likely but almost certain to cause death or grievous bodily harm. The requirements of GCR 1963, 785.7(3) were fully satisfied by the trial court herein and there was no error.

In the defendant's second issue he asserts that his guilty plea was the result of an agreement

which was not affirmatively acknowledged by him as required by GCR 1963, 785.7(2).

The question for this Court is whether in the case at bar the defendant, his lawyer and the prosecutor affirmatively acknowledged the plea agreement. It is clear from the record that the defendant's plea agreement was affirmatively acknowledged by the defendant's lawyer:

"*Mr. Copeland:* Your Honor, for the record, Wilson Copeland standing in for Mr. Ralph Richardson, representing the defendant, Joe Lewis Jones. After a lengthy consultation with my client he has informed me that he has decided to accept the prosecutor's offered plea of the lesser included offense of second degree murder. Mr. Jones has been informed of his rights to a trial by the bench or a jury, the fact that witnesses can be called in his behalf and that the court will assume the cost of said subpoena, and that he has a right to take the stand or a right not to do so at his choosing. He's also been informed that the maximum sentence involved in this guilty plea is life."

It is also apparent from the record that the prosecutor affirmatively acknowledged the plea agreement:

"*Mr. McCloskey:* John McCloskey on behalf of the people in this matter. The defendant in this case has been charged with murder in the first degree, which carries a maximum penalty—a mandatory penalty of life imprisonment. At this time the prosecutor will not object to the court's acceptance of the defendant's offered plea of guilty to murder in the second degree, a lesser included offense of the charge contained in the information previously filed in this case, which carries a maximum penalty of any term of years up to life imprisonment. The prosecutor's office recommends the courts [sic] acceptance of the defendant's offered plea and indicates for the record that this represents the the

*[sic]* total agreement between the prosecutor's office, the defendant, and his attorney, Mr. Copeland and Mr. Richardson. I submit to the court the pre-trial statement embodying that agreement."

The only real question for this Court is whether the defendant himself actually acknowledged the plea agreement. It appears that he did when we examine his response to specific questions put to him by the trial judge:

"*The Court:* Your name is Joe Lewis Jones?

"*A.* * * * Yes, sir.

"*The Court:* Mr. Copeland has informed the court that you have consented to him standing in and representing you in this offered plea of guilty of second degree murder; is that correct?

"*A.* * * * Yes, sir.

"*The Court:* You are charged with murder in the first degree, which upon conviction—pre-meditation which upon conviction carries a mandatory sentence of life imprisonment, whereas second degree murder, which is a lesser included offense of first degree murder, *[sic]* which I have been informed by your counsel that you which *[sic]* to offer a plea to and also that the prosecutor will accept such as *[sic]* agreement, the maximum penalty upon conviction of second degree murder *[sic]* is life or any number of years in prison; do you understand the difference between the two?

"*A.* * * * Yes.

"*The Court:* First degree murder is mandatory life, which means you remain there unless you are granted a new trial and found not guilty or it is dismissed for something less or pardoned by the governor. Whereas, in second degree murder *[sic]* you are eligible for parole.

"*A.* * * * Yes, sir.

* * *

"*The Court:* Has anyone forced you or threatened you to get you to plead guilty?

"*A.* * * * No, sir.

"*The Court:* Have any promises been made to you as to what the court would do if you pled guilty?

"*A.* * * * No, sir.

"*The Court:* Are you on probation or parole for any other offenses?

"*A.* * * * No, sir.

"*The Court:* Do you offer this plea freely, voluntarily, and understandingly?

"*A.* * * * Yes, sir."

We rule that the agreement was fully satisfied on the record, together with affirmative acknowledgement of the guilty plea agreement by the defendant, defendant's attorney and the prosecuting attorney.

Affirmed.